UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

ESTOR LUIS RIVERA,                   :

              Petitioner,      :     **MEMORANDUM DECISION**

      - against -                :     08 Civ. 00405 (DC)

JANICE M. KILLIAN, Warden,           :
F.C.I. Otisville, New York,
                                   :
              Respondent.
                                   :
- - - - - - - - - - - - - - - - - -x

**APPEARANCES:**   ESTOR LUIS RIVERA
                  Fed. Reg. No. 12128-014
                  F.C.I. Otisville
                  P.O. Box 1000
                  Otisville, NY  10963

**CHIN, District Judge**

        On January 11, 1996, pro se petitioner Estor Luis Rivera was sentenced in the United States District Court for the District of Connecticut to 222 months' imprisonment following his plea of guilty to committing a violent crime in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1).  Rivera brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 contending that he was not given credit for time in custody prior to his sentencing date.  For the reasons that follow, Rivera's claims of error are rejected and the petition is dismissed.[1]

        This matter is properly before the Court as a § 2241 petition, for "[a] challenge to the execution of a sentence -- in

---

    [1]   Because Rivera's claims are meritless, I did not ask the Government for a response to the petition.

contrast to the <u>imposition</u> of a sentence -- is properly filed pursuant to § 2241." <u>Levine v. Apker</u>, 455 F.3d 71, 78 (2d Cir. 2006) (emphasis in original). The "computation of a prisoner's sentence by prison officials" is a matter relating to the execution of a sentence. <u>Id.</u> (quoting <u>Jiminian v. Nash</u>, 245 F.3d 144, 146 (2d Cir. 2001)). Moreover, although Rivera was convicted in the District of Connecticut, venue is proper in this District because he is incarcerated here. <u>See</u> <u>United States v. Vittini-Morey</u>, No. 99 Cr. 893 (SAS), 2007 WL 510095, at *2 (S.D.N.Y. Feb. 15, 2007) ("a section 2241 petition must be brought in the district in which the petitioner is incarcerated, not the district in which petitioner was sentenced"); <u>United States v. Koontz</u>, No. 01 Cr. 41 (TJM), 2006 WL 1510143, at *1 (N.D.N.Y. May 31, 2006) (§ 2241 petition brought by federal prisoner challenging calculation of sentence must be brought "in the United States district court where the petitioner is incarcerated"); <u>see also</u> 28 U.S.C. § 2241(a).[2]

In his petition, Rivera alleges as follows:

On December 3, 1994, he was arrested and taken into custody by state law enforcement officials in Connecticut on unrelated robbery charges. (Pet. ¶ 2). On or about March 29, 1995, a federal detainer was lodged against him based on the charges in the instant case. (<u>Id.</u> ¶ 3). On or about December

---

[2] Where a § 2241 petition is brought by a person in custody pursuant to a state court judgment in a state with more than one federal district court, the petition may be filed in the district court for the district wherein the person is incarcerated or wherein he was convicted. 28 U.S.C. § 2241(d).

13, 2005, Rivera was produced in the United States District Court for the District of Connecticut on those charges. (Id. ¶ 5).

After pleading guilty to committing a violent crime in aid of racketeering in the District of Connecticut, Rivera was sentenced on January 11, 1996 to a term of imprisonment of 222 months. (Id. at A17).[3] Thereafter, he was returned to state custody, and on January 18, 1996, he was sentenced to 25 years' imprisonment on the unrelated state charges, with the sentence to be served concurrently with his federal sentence. (Id. at A11, A20). He remained in state custody until his release on August 18, 2005, when he was turned over to federal authorities based on a federal detainer for his sentence in this case. (Id. at A11).

The Bureau of Prison ("BOP") records attached to the petition show that Rivera's federal sentence began on January 11, 1996, and that he was not given credit toward his federal sentence for any time in custody prior to that date. (Id. at A14, A15, A16). The records show that he was given credit toward his federal sentence for the time he spent in state custody after his state sentence was imposed on January 18, 1996, as both courts agreed that the two sentences would run concurrently. (Id. at A15 ("SENT MODIFIED 08/08/2007 COURT APPRV SENTE RETRO TO SERVE CONC WITH STATE SENT"), A16; see also id. at A20).

Rivera contends that he should be given credit toward his federal sentence for the time he spent in state custody after

---

[3] Attached to the petition are a number of exhibits. As petitioner has not numbered or otherwise identified these exhibits, the Court has affixed page numbers to them in the lower right hand corner. References to "A_" are to these page numbers.

the federal detainer was lodged against him on March 29, 1995 and before he was sentenced on January 11, 1996. (Id. ¶ 6). He filed several administrative grievances challenging the BOP's calculation of his jail time credit (id. at A1, A3, A5, A9, A12-13, A18-19), but these grievances were denied (id. at A4, A8, A11). The BOP officials concluded that:

> A review of your record reveals that the prior custody credit you are requesting represents time already credited to your previously served state sentence. Federal statute prohibits the [BOP] from awarding prior custody credit for time that was applied to another sentence.

(Id. at A4; see also id. at A8, A11 (citing 18 U.S.C. § 3585(b))).

The record before the Court (which consists only of the petition and its attachments) does not contain any documentation, from the Connecticut correctional system or otherwise, to show that Rivera actually was given credit for the time in question toward his state sentence. But the BOP's written denial of Rivera's administrative grievance, however, is clear, and it explicitly states that the BOP's review of the record showed that Rivera had been given credit toward his state sentence for that time. Moreover, in his petition, Rivera does not challenge the BOP's determination that he had been given credit toward his state sentence for the time in question. Rather, he argues that because he was held on a federal detainer beginning on or about March 29, 1995, his "jail time credit must be calculated from the date the detainer was first lodged against [him]." (Pet. ¶ 6; see also id. ¶¶ 3, 7, 8).

-4-

**DISCUSSION**

Section 3585 of Title 18 of the United States Code governs the "[c]alculation of a term of imprisonment." It provides, in pertinent part:

> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added).

Hence, § 3585(b) provides that, in certain circumstances, a defendant is entitled to credit for time spent in "official detention" prior to the date his sentence commences. The Supreme Court has held that this determination is to be made by the Attorney General, through the BOP, after a defendant is sentenced, and not by the court at sentencing. United States v. Wilson, 503 U.S. 329, 335 (1992); see id. at 333 ("A district court . . . cannot apply § 3585(b) at sentencing."). The BOP's determination is subject to judicial review only after the defendant exhausts his administrative remedies. United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998) (citing cases).

Here, it appears that Rivera has exhausted his administrative remedies. Nonetheless, the claims are rejected,

for they lack merit.  As the BOP determined, Rivera was given credit by the state court toward his state sentence for the time in question, that is, the time he was in custody prior to his sentencing in the District of Connecticut on January 11, 1996. (Pet. at A4 ("the prior custody credit you are requesting represents time already credited to your previously served state sentence")).  Nowhere in his petition does Rivera argue that this factual determination by the BOP is in error.  Under the plain wording of § 3585(b), then, Rivera is precluded from receiving a double credit, for the statute permits credit toward a federal sentence only for time "that has not been credited against another sentence."  18 U.S.C. § 3585(b); see Labeille-Soto, 163 F.3d at 99 ("Under the last [clause of § 3585(b)], a defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence.").  Here, the time in question has already been credited against Rivera's state sentence.

Nor does it matter, as Rivera argues, that a federal detainer was lodged against him on March 29, 1995, when he was in state custody, prior to his sentencing on January 11, 1996. Indeed, courts have repeatedly held that a defendant was not entitled to receive federal credit for time spent in custody in similar or identical circumstances, where the defendant had already received credit for that time toward a state sentence. See, e.g., Gonzalez v. Hawke, No. 05 Civ. 0429 (NLH), 2006 WL 2465307, at **1, 6-7 (D.N.J. Aug. 21, 2006) (defendant was not

entitled to credit for time in state custody prior to his federal sentencing, even where federal writ of habeas corpus ad prosequendum had been lodged against him, where he had been credited for that time against his state sentence); United States v. Delestre, No. 94 Cr. 395 (MBM), 2005 WL 53268, at *2 (S.D.N.Y. Jan. 8, 2005) ("As a result [of the last clause of § 3585(b)], it appeared that Delestre could not receive credit for time spent in custody prior to imposition of his federal sentence because even when he was in federal custody, that custody was based on a writ and his underlying custodial status arose from his state case."); Tisdale v. Menifee, 166 F. Supp. 2d 789, 792 (S.D.N.Y. 2001) ("even assuming he was in federal custody once the [federal] detainer was lodged, Tisdale's claim must be dismissed because he has already received state credit for the time served under the federal detainer" (citing § 3585(b))). Here, Rivera is not entitled to receive credit for the time in question, as he has already been given credit for that time against his state sentence.

Some courts have recognized a limited exception to § 3585(b)'s prohibition against double credit. In Willis v. United States, 438 F.2d 923 (5th Cir. 1971), the court held that time spent by a defendant in state custody solely as the result of actions of the federal government -- such as the lodging of a federal detainer that prevented the defendant from being released on bail in the state case -- should be credited to his federal sentence. Id. at 925; see also Rosemond v. Menifee, 137 F. Supp.

2d 270, 274-75 (S.D.N.Y. 2000) ("Time spent in state custody, even if for an unrelated offense, must be credited toward time served on a federal sentence if the continued state confinement was exclusively the product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one."). But see Tisdale, 166 F. Supp. 2d at 792 (rejecting defendant's argument that he was entitled to credit under § 3585(b) for state time toward his federal sentence because he would have been released from state custody on bail but for lodging of federal detainer).

Even assuming this exception is cognizable as a matter of law, here Rivera has not alleged a factual basis for it.  He does not allege in his petition that he would have been released on bail in the state court but for the federal detainer.  To the contrary, the petition alleges that he was arrested by the state authorities on December 3, 1994 and that the federal detainer was not filed until March 29, 1995.  (Pet. ¶¶ 2, 3).  Hence, he had already been detained for almost four months when the federal detainer was lodged against him; these circumstances dispel any notion that he was in state custody solely because of actions taken by the federal government.  Moreover, although the petition does not identify the crime for which Rivera was convicted in state court, alleging only that he was arrested by the state authorities for an "unrelated robbery offense" (id. ¶ 2), the fact that he was sentenced to 25 years' imprisonment suggests that the crime was an extremely serious crime for which bail undoubtedly would not have been granted.  It is apparent that

Rivera was not in state custody because of the federal detainer or any actions of federal prosecutors. Hence, the exception does not apply.

## CONCLUSION

For the foregoing reasons, Rivera's claims are denied and the petition for a writ of habeas corpus is dismissed. Because petitioner has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. See 28 U.S.C. § 2254 (as amended by AEDPA). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision would not be in good faith.

The Clerk of the Court shall is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated:   New York, New York
         May 8, 2008

             _____
             DENNY CHIN
             United States District Judge